```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       NORTHERN DIVISION
```

| | |
|---|---|
| **WILLIE LEE MOORE,** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| vs. | *  CIVIL ACTION No.05-00204-BH-B |
| | * |
| **JO ANNE B. BARNHART,** | * |
| **Commissioner of Social** | * |
| **Security,** | * |
| | * |
|     **Defendant.** | * |

## REPORT AND RECOMMENDATION

In this action, Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for benefits. The action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This action is presently before the Court on Plaintiff's Motion for Judgment, which this Court is treating as a motion to reopen the case. (Doc. 16 at Ex. 3). It is the **RECOMMENDATION** of the undersigned that Plaintiff's Motion be **GRANTED.**

Court records demonstrate that this Court remanded this action to the Social Security Administration on September 14, 2005, pursuant to sentence six of 42 U.S.C. § 405(g). (Docs. 14, 15). Following that remand, on June 1, 2006, Plaintiff received a "fully favorable" decision from the Administration regarding his application. (Doc. 21 at Ex. A). As such, this case is due to be reopened and judgment be entered in favor of Plaintiff based upon

the Commissioner's decision.

Plaintiff seeks to have the case reopened and for this court to entered judgment in his favor as a prevailing party (Doc. 16). The Eleventh Circuit decision of <u>Jackson v. Chater</u>, 99 F.3d 1086 (11th Cir. 1996) supports such a request.  Therefore, it is recommended that this action be reopened.  It is further recommended that Judgment be entered in favor of Plaintiff Willie Lee Moore, and against Defendant Jo Anne B. Barnhart.

The attached sheet contains important information regarding objections to the undersigned's report and recommendation.

DONE this **5th** day of **December, 2006**.

                                              <u>/s/Sonja F. Bivins</u>
                                         **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                          **/s/SONJA F. BIVINS**
                                                         **UNITED STATES MAGISTRATE JUDGE**